# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Michael Mason,
    Petitioner,

vs.                                       Case No. 1:07cv339
                                            (Spiegel, S.J.; Black, M.J.)

Al Lazaroff,[1]
    Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, an inmate in state custody at the Pickaway Correctional Institution in Orient, Ohio has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's "Answer/Return Of Writ" with exhibits, which include the transcript of petitioner's state criminal trial. (Docs. 1, 7).[2]

---

[1] In the petition, petitioner named James Erwin as respondent apparently because Erwin was the Warden of Pickaway Correctional Institution (PCI), where petitioner is incarcerated, when the instant action commenced. However, since that time, Al Lazaroff has replaced Erwin as PCI's Warden. Because Al Lazaroff is the individual who currently has custody of petitioner, the caption of the case is hereby changed again to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[2] Pursuant to a court order issued October 4, 2007, respondent re-filed Exhibits 5 and 10 to the return of writ, with redactions. (*See* Docs. 8, 9).

**Factual And Procedural Background**

On December 29, 2003, in Case No. B0311966, the Hamilton County, Ohio, grand jury issued an indictment charging petitioner with one count of burglary in violation of Ohio Rev. Code § 2911.12(A)(2). (Doc. 7, Ex. 1). On March 16, 2004, the Hamilton County grand jury returned another indictment in Case No. B0402371, charging petitioner with two counts of assault in violation of Ohio Rev. Code § 2903.13(A). (*Id.,* Ex. 6).[3]

Petitioner proceeded to trial before a jury in Case No. B0311966. In May 2004, the jury found him guilty as charged in that case. (*Id.,* Ex. 2). On June 1, 2004, petitioner entered guilty pleas in Case No. B0402371 to both assault charges. (*Id.,* Ex. 7).

Petitioner was sentenced in the two criminal cases on June 1, 2004. In Case No. B0402371, he was sentenced to concurrent 17-month terms of imprisonment for the two assault offenses; this sentence was to be served consecutively, however, to the sentence imposed in Case No. B0311966. (*Id.,* Ex. 8). In Case No. B0311966, petitioner was sentenced to a four (4) year prison term, to be served consecutively to the sentence imposed in Case No. B0402371. (*Id.,* Ex. 3).

In April 2005, petitioner was granted leave to file a delayed appeal with the Ohio Court of Appeals, First Appellate District, from the trial court's judgments in Case Nos. B0311966 and B0402371. (*Id.,* Exs. 11-12, 14). With the assistance of court-appointed counsel, petitioner filed an appellate brief raising the following assignments of error challenging his burglary conviction in Case No. B0311966:

> 1. The judgment of conviction is contrary to law and to the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in that there was insufficient evidence adduced to establish each and every element of the offense charged beyond a

---

[3] The assault charges apparently stemmed from the following incident, as summarized by petitioner's counsel in his state appellate brief: "While awaiting trial [on the burglary charge], Mason failed to appear for court, [and] a capias was issued. Shortly thereafter, when arrested on the capias, Mason allegedly assaulted two corrections officers while being processed into the Hamilton County Justice Center, resulting in a second indictment for two counts of assault." (Doc. 7, Ex. 15, p. 1).

2

reasonable doubt.

2.  The judgment of conviction is contrary to the manifest weight of the evidence.

3.  The trial court erred to the prejudice of appellant by denying his motion for acquittal pursuant to Crim. R. 29.

4.  The trial court erred as a matter of law by not giving a jury instruction regarding criminal trespass, *sua sponte*.

(*Id.,* Ex. 15).

On August 9, 2006, the Ohio Court of Appeals issued a Judgment Entry overruling petitioner's assignments of error and affirming the trial court's judgment. (*Id.,* Ex. 17). In so ruling, the court made the following findings of fact, which are presumed correct under 28 U.S.C. § 2254(e)(1),[4] regarding the incident that resulted in petitioner's conviction and sentence for burglary:

> The state's evidence showed that Karen Villanuev[a] and a friend left Villanuev[a]'s house to walk to a nearby church. As she left her house, Villanuev[a] saw Mason walking down the street. She knew Mason, and because of a recent incident, she wanted nothing to do with him. Consequently, she ignored him when he greeted her.
>
> Homero Gotierrez was inside Villanuev[a]'s house watching a number of children while she was gone. He heard someone come into the house, but he thought nothing of it because he thought it was Villanuev[a]'s husband.
>
> Shortly after Gotierrez heard this person enter the house, he saw

---

[4] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has neither cited nor presented any evidence to rebut the Ohio Court of Appeals' factual findings quoted herein. Therefore, he has not shown that such findings are erroneous.

3

> Mason walk into the room where he was watching the children. Mason seemed shocked to see him and he appeared to be carrying something, although Gotierrez did not see what it was. Because he recognized Mason from the neighborhood, Gotierrez assumed Mason had permission to be in the house. Mason asked if Villanuev[a]'s husband was home. When Gotierrez told him he was not, Mason left.
>
> When Villanuev[a] returned home, she noticed that the door she had locked behind her was unlocked. When Gotierrez told her about Mason being in her house, she immediately called the police because she had not given him permission to be there. After a police officer asked her if anything was missing, she checked the house and found that a ring and a number of her children's DVDs were missing.
>
> The police apprehended Mason a short time later. He did not have any of the missing property, and the police officers could not find them after searching the area. Mason admitted to being in the house, but would not give any response about why he had been in the house. He was shaky and sweating and appeared to be under the influence of some type of drug.

(*Id.,* pp. 1-2).

Petitioner filed a timely *pro se* notice of appeal to the Supreme Court of Ohio. (*Id.,* Ex. 19). In his memorandum in support of jurisdiction, he asserted three propositions of law challenging (1) the sufficiency of evidence; (2) the denial of his motion for acquittal under Ohio R. Crim. P. 29; and (3) the trial court's failure to give jury instructions on the lesser-included offense of criminal trespass. (*Id.,* Ex. 20). On December 27, 2006, the state supreme court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 22).

Petitioner next commenced the instant federal habeas corpus action.[5] In the petition, petitioner alleges three grounds for relief:

---

[5] The petition, signed by petitioner on February 8, 2007, was stamped as "filed" with this Court on April 27, 2007. (*See* Doc. 1).

>**Ground One:** Conviction based upon insufficient evidence is contrary to law and violates the Fourteenth Amend.
>
>**Supporting Facts:** No direct testimony was ever presented that the Defendant had entered the residence by force, stealth or deception. Circumstantial evidence must be strong enough to support finding beyond a reasonable doubt. Reasonable doubt of force cannot be met when . . . testimony was presented that there were children in and out of the different rooms and the monitoring adult was in a room adjacent to the entrance door [and] saw, talked to and was not alarmed by the presence of the defendant.
>
>**Ground Two:** The Court is bound to a[c]quit pursuant to Crim. R[.] 29 when all the elements of a crime do not meet the reasonable doubt standard.
>
>**Supporting Facts:** Same facts as [Ground One].
>
>**Ground Three:** Failure of the Trial Court to instruct the jury on the lesser included offense deprives the Defendant of the right to a fair trial under the Fourteenth Amendment.
>
>**Supporting Facts:** Criminal trespass was a lesser included offense of Burglary and a trial court must determine at trial whether evidence presented would support a lesser included offense. The prosecution and Trial Court have a duty to more than convictions and the failure to include the instruction r[o]se to the level of violating due process.

(Doc. 1, pp. 5-6).

    In the return of writ, respondent concedes that the petition is not barred from review on statute of limitations grounds. (*See* Doc. 7, Brief, p. 5). Moreover, it appears that petitioner has exhausted all available state court remedies with respect to his grounds for relief. Therefore, the Court will proceed to address each of petitioner's claims in light of respondent's arguments that are asserted as defenses in the return of writ.

5

# OPINION

## A. Petitioner Is Not Entitled To Relief Based On The Claims Alleged In Grounds One And Two Challenging The Sufficiency Of Evidence

In Grounds One and Two of the petition, petitioner essentially contends that his burglary conviction is void under the Fourteenth Amendment's Due Process Clause because the evidence introduced at trial was insufficient to establish each element of the offense beyond a reasonable doubt. (Doc. 1, p. 5). The claims, which were presented to both the Ohio Court of Appeals and Supreme Court of Ohio for consideration, are subject to review on the merits.

The Ohio Court of Appeals was the only state court to issue a reasoned decision addressing the merits of the claims, which were considered together as alleging the "same . . . claim that the evidence was insufficient to support the conviction." (Doc. 7, Ex. 17, p. 2).[6] The court rejected the assignments of error, based on the following findings of fact, which are presumed correct, *see supra* p. 3 n.4, and reasoning:

> Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a reasonable trier of fact that Mason had trespassed in an occupied structure that was a permanent or temporary habitation of any person when any person other th[a]n an accomplice of the offender was present or likely to be present, with purpose to commit any criminal offense in the habitation. Therefore, the evidence was sufficient to support Mason's conviction for burglary under R.C. 2911.12(A)(2)....

---

[6] It is noted that petitioner also alleged in another assignment of error on direct appeal that his conviction was against the manifest weight of the evidence. (*See* Doc. 7, Ex. 15). Petitioner, however, did not raise the claim on further appeal to the Supreme Court of Ohio; nor does he assert it as a ground for relief in his federal habeas petition. In any event, if petitioner had alleged a manifest-weight-of-the-evidence claim herein, it would not constitute a basis for federal habeas relief. Unlike a federal due process claim, a claim that a conviction was against the manifest weight of the evidence raises an issue of state-law only that is not subject to federal habeas review. *See Tibbs v. Florida*, 457 U.S. 31, 41-47 (1982); *State v. Thompkins,* 678 N.E.2d 541, 546-48 (Ohio 1997), *superseded by state constitutional amendment on other grounds, State v. Smith,* 684 N.E.2d 668 (Ohio 1997), *cert. denied,* 523 U.S. 1125 (1998); *see also* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984).

> Mason argues that the state failed to prove stealth, force, or deception. But evidence that, upon her return home, Villanuev[a] found the door, which she had previously locked, to be unlocked was circumstantial evidence of a forced entry. Further, courts have defined "stealth" as "any secret, sly or clandestine act to avoid discovery and to gain entrance or remain within a residence of another without permission."... The circumstantial evidence supported a finding that Mason used stealth to enter the residence.
>
> Mason also argues that the state failed to prove that Mason's intent was to commit a criminal offense in the residence. But since it is impossible to establish intent through objective proof, it must be gathered from the surrounding facts and circumstances....
>
> In this case, Gotierrez saw Mason in Villanuev[a]'s house shortly after Mason had seen her walking away. He appeared shocked to see Gotierrez and left shortly thereafter. When Villanuev[a] returned home, she discovered several items were missing. The police apprehended Mason a short time later and a short distance away. He acknowledged being in the house, but would not say who had given him permission to be there or what he had been doing. Under the circumstances, the facts and circumstances supported the inference that he was in the house to commit a theft offense.. . . Accordingly, we overrule Mason's . . . assignments of error.

(*Id.*, pp. 2-4) (state case citations omitted).

Under the applicable standard of review set forth in 28 U.S.C. § 2254(d), petitioner generally is not entitled to federal habeas relief unless the state court's adjudication of his constitutional claims resulted in a decision that (1) is contrary to, or involves an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998).

A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942. An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.).

Under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also Bell v. Cone,* 535 U.S. 685, 694 (2002); *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942.

The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

The Supreme Court's decision in *Jackson v. Virginia,* 443 U.S. 307 (1979), governs the resolution of petitioner's claims challenging the sufficiency of evidence. The Due Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to constitute the charged offense. *In Re Winship,* 397 U.S. 358, 363-64 (1970). As the Ohio Court of Appeals recognized in addressing petitioner's claims, when a sufficiency-of-evidence claim is presented in a petition for writ of habeas corpus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

*Jackson,* 443 U.S. at 319 (emphasis in original).

This standard does not require the State to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.* at 326. Rather, under this standard, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*; *see also Walker v. Engle,* 703 F.2d 959, 969-70 (6th Cir.), *cert. denied,* 464 U.S. 951, 962 (1983). It is the jury's responsibility as the trier of fact to resolve conflicts in testimony, to weigh the evidence and to draw reasonable inferences from the evidence. *Jackson,* 443 U.S. at 319. Consequently, the reviewing court is not permitted to make its own subjective determination of guilt or innocence or otherwise substitute its opinion for that of the jury which convicted the petitioner. *Id.* at 318-19 & n.13; *see also York v. Tate,* 858 F.2d 322, 329 (6th Cir. 1988) (*per curiam*), *cert. denied,* 490 U.S. 1049 (1989).

In this case, petitioner was charged with burglary under Ohio Rev. Code § 2911.12(A)(2). Pursuant to that statutory provision, "[n]o person by force, stealth, or deception shall . . . [t]respass in an occupied structure . . . that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense." Therefore, to establish petitioner's guilt in this case, the State was required to produce evidence showing beyond a reasonable doubt that petitioner used force, stealth or deception to trespass in Villanueva's residence when other persons were present or likely to be present, with the purpose of committing a criminal offense there.

Upon review of the trial transcript, and viewing the evidence in the light most favorable to the prosecution as required by *Jackson*, the undersigned concludes that a rational trier of fact, could have found beyond a reasonable doubt the essential elements of the burglary offense charged against petitioner based on the evidence presented at trial.

First, there is no dispute that petitioner trespassed without permission in Villanueva's home when other people were present there. Gotierrez, who was babysitting Villanueva's and his own children in the residence at the time the incident occurred, testified that he heard someone come into the house without

9

knocking or otherwise obtaining permission to do so and a few minutes later saw petitioner enter the room where he and the children were playing games; moreover, petitioner himself conceded that he had entered Villanueva's residence both in his initial statement to the police and at trial. (*See* Doc. 7, Ex. 24, Tr. 164, 172-77, 217).

Second, as the Ohio Court of Appeals reasonably found, there was evidence presented at trial from which the inference could be drawn that petitioner used force or stealth to gain entry into Villanueva's home. Specifically, Villanueva testified that she was surprised to find the door to the residence, which she had locked when she left with a friend on an errand, was unlocked when they returned home from the errand. (*Id.,* Tr. 196). Villanueva also stated that petitioner saw her leave her home, and Gotierrez testified further that he heard someone, later identified as petitioner, enter the residence soon after Villanueva left with her friend on the errand. (*See id.,* Tr. 172-75, 192-94). Because the person let himself into the home without knocking, announcing himself or otherwise obtaining permission to enter the residence, Gotierrez assumed the person was Villanueva's husband returning home from work; when petitioner encountered Gotierrez and the children playing games in the living room a few minutes later, petitioner appeared "surprised" and "shocked" and left the residence soon thereafter after inquiring where Villanueva and her husband were. (*Id.,* Tr. 174, 180, 183-84). A juror could reasonably infer from this testimony that petitioner desired to avoid detection when he entered the residence and thus used "stealth," defined in Ohio as "any secret, sly or clandestine act to avoid discovery and to gain entrance or remain within a residence of another without permission." *See State v. Ward,* 620 N.E.2d 168, 170 (Ohio Ct. App. 1993) (citing *State v. Lane,* 361 N.E.2d 535, 540 (Ohio Ct. App. 1976)).

Third, circumstantial evidence was presented indicating that petitioner entered Villanueva's house with the purpose to commit a theft offense. Gotierrez testified that when he encountered petitioner in the house, petitioner had "something in his hands." (Doc. 7, Ex. 24, Tr. 177, 183-84). Moreover, Villanueva testified that she discovered several items were missing from the house when she returned home approximately a half hour later and was told that petitioner had been inside the residence. (*Id.,* Tr. 194-99). Although the missing items were never located, Villanueva provided extensive testimony about a "ring and some of my children's DVDs [that she discovered] were missing" from a bedroom. (*Id.,* Tr. 198-02, 206, 215, 220-21).

10

In contrast, petitioner was not forthcoming with police about why he went inside Villanueva's home. (*Id.,* Tr. 217). Indeed, his story changed over time. At first, he indicated to police that he had permission to enter the home, although he was unable to say who granted him permission to enter the house or who he went to see at the home. (*See id.*). Later, he claimed that he went to Villanueva's house to sell drugs to Gotierrez and Villanueva's husband. (*See id.,* Tr. 164-65). Gotierrez refuted this claim at trial, and it was abandoned by the time of closing arguments. Instead, counsel argued only that the State had failed to produce evidence establishing petitioner's purpose to commit a theft offense, by questioning the credibility of Villanueva's testimony about the "missing" items given that she had a "falling out recently" with petitioner and did not like him. (*Id.,* Tr. 236-39).

Under *Jackson,* however, it is the jury's responsibility as the trier of fact to resolve conflicts in testimony, to weigh the evidence and to draw reasonable inferences from the evidence. *See Jackson,* 443 U.S. at 319. Consequently, this Court is precluded from resolving credibility issues other than in the prosecution's favor.

Accordingly, in sum, after reviewing all of the evidence in the light most favorable to the prosecution, the undersigned concludes that the Ohio Court of Appeals' determination that there was sufficient evidence to support petitioner's burglary conviction is not unreasonable, and neither is contrary to nor involves an unreasonable application of the Supreme Court's clearly-established *Jackson* standard. Therefore, petitioner is not entitled to habeas relief based on his claims alleged in Grounds One and Two challenging the sufficiency of evidence.

### B. Petitioner Has Waived The Claim Alleged In Ground Three Challenging The Trial Court's Failure To Give A Lesser-Included Offense Instruction; In Any Event, The Claim Is Not Cognizable In This Proceeding

In Ground Three of the petition, petitioner alleges that he was denied due process because the trial court failed to give an instruction to the jury on criminal trespass, which is a lesser-included offense of burglary that carries a reduced penalty. (Doc. 1, p. 6). In the return of writ, respondent contends that petitioner has waived this claim for habeas relief because he did not request a lesser-included offense instruction at trial, and the claim, therefore, was only reviewed for "plain error" by the Ohio courts on direct appeal. (Doc. 7, Brief, pp. 8-9).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of the claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, his claims for habeas corpus relief are subject to dismissal with prejudice on the ground that they are waived. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, as respondent has pointed out, petitioner committed a procedural default when he failed to request a jury instruction on criminal trespass as a lesser-included offense of burglary. Because petitioner did not make such a request at trial, the claim was presented to and considered by the Ohio Court of Appeals on direct appeal only in terms of "plain error" under state law. (*See* Doc.

7, Ex. 15, p. 8 & Ex. 17, p. 4).

It is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules, including the failure to make a timely objection at trial. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee,* 763 F.2d at 813.

Such a procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. *Harris,* 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

The Ohio Court of Appeals was the last state court to issue a reasoned opinion addressing petitioner's claim of error alleged in Ground Three of the petition. The court clearly and expressly ruled as follows: "Mason acknowledges that he failed to request an instruction on criminal trespass. Therefore, he waived any error except plain error." (Doc. 7, Ex. 17, p. 4). By thus confining the court's review to "plain error" under state law, petitioner committed a procedural default to the extent he thereby removed or, in other words, failed to "fairly present" his federal constitutional claim to the state courts. *Cf. McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987).

The court's review solely for plain error based on its determination that the claim was otherwise "waived" does not constitute a waiver or non-enforcement of the state procedural bar by the reviewing court. *See, e.g., Mason v. Mitchell,* 320 F.3d 604, 635 (6th Cir. 2003); *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir. 2000) (citing *Paprocki v. Foltz,* 869 F.2d 281, 284-85 (6th Cir. 1989)), *cert. denied,* 532 U.S. 989 (2001). Moreover,

the Supreme Court of Ohio's later unexplained decision, denying petitioner leave to appeal and dismissing the appeal for lack of a substantial constitutional question, must be presumed to rely on the same procedural default. *See Ylst,* 501 U.S. at 803-04; *cf. Taqwiim v. Johnson,* 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at \*\*3 (6th Cir. Aug. 22, 2000) (unpublished) (citing *Ylst* and *Levine v. Torvik,* 986 F.2d 1506, 1517 n.8 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), and *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99 (1995)), *cert. denied,* 531 U.S. 1089 (2001).

Petitioner's procedural default bars consideration of petitioner's third ground for relief absent a showing of cause and prejudice or that a "fundamental miscarriage of justice" will result if the claim is not considered. Petitioner has not presented any justification as "cause" for his procedural default in the state courts.[7] Moreover, he has not demonstrated that failure to consider the claim will result in a "fundamental miscarriage of justice," or in other words, that the alleged error "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

Accordingly, in sum, because petitioner has neither demonstrated "cause" for his procedural default in the state courts nor shown that a "fundamental miscarriage of justice" will occur if his third ground for relief is not considered by this Court, the undersigned concludes that the claim is waived and thus not subject to review on the merits in this federal habeas corpus proceeding.

Alternatively, even assuming, *arguendo,* that petitioner's claim alleged in Ground Three is not waived, petitioner has not alleged a cognizable ground for federal habeas relief in this non-capital case.

---

[7] Petitioner never has contended either to the state courts or in the instant petition that his trial counsel was ineffective in failing to request a lesser-included offense instruction at trial. (*See* Doc. 1; Doc. 7, Exs. 15, 20). Indeed, in his memorandum in support of jurisdiction to the Supreme Court of Ohio, petitioner argued that the decision whether to ask for such an instruction is "often a tactical one" on the part of the defense and, therefore, that the prosecution and trial court have a duty to ensure such an instruction is given where the "evidence adduced at trial would support an instruction on the less[e]r included offense." (Doc. 7, Ex. 20, p. 4). Although ineffective assistance of counsel may constitute "cause" for a procedural default, *see Murray,* 477 U.S. at 488, such a claim itself must not be procedurally-defaulted. *See Edwards v. Carpenter,* 529 U.S. 446, 452 (2000); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.), *rev'd on other grounds,* 546 U.S. 74 (2005) (*per curiam*). Because petitioner has never argued his trial counsel was ineffective, he therefore is unable to demonstrate "cause" for the procedural default of his jury instruction claim in the state courts based on such a contention.

The United States Supreme Court held in *Beck v. Alabama,* 447 U.S. 625 (1980), that a defendant in a capital murder case has a constitutional right to have the jury instructed on a lesser included offense in certain situations. *Beck,* 447 U.S. at 638. When a jury is given only two options, "not guilty" and "guilty of capital murder," the risk that the jury will convict when it has reasonable doubt is too great; therefore, in that limited context, a lesser-included non-capital offense instruction is required when there is evidence to support it. *Id.* The Court in *Beck* expressly declined to decide "whether the Due Process Clause would require the giving of such instruction in a non-capital case." *Id.* at 638 n.7.

To date, the Supreme Court has not held that due process requires the giving of a lesser-included offense instruction in a non-capital case. *See Scott v. Elo,* 302 F.3d 598, 606 (6th Cir. 2002), *cert. denied,* 537 U.S. 1192 (2003); *see also Tegeler v. Renico,* No. 06-2193, 2007 WL 3227547, at *3 (6th Cir. Nov. 1, 2007) (unpublished). The United States Court of Appeals for the Sixth Circuit has interpreted *Beck* to mean that "the Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990) (en banc)); *see also Tegeler, supra,* 2007 WL 3227547, at *3; *Scott*, 302 F.3d at 606; *cf. Evans v. Voorhies,* No. 1:06cv746, 2007 WL 2891003, at *15 (S.D. Ohio Sept. 28, 2007) (Dlott, J.; Hogan, M.J.).

In *Bagby*, the Sixth Circuit refused to extend *Beck* to the non-capital context on federal habeas corpus review of a state conviction, reasoning as follows:

> It appears to us that the Supreme Court's opinion in *Beck* is grounded upon Eighth Amendment concerns, rather than those arising from the Due Process Clause of the Fourteenth Amendment. If we are correct in that assessment, then we are not required to extend *Beck* to noncapital cases. Instead, we must determine whether the error asserted by Bagby is of the character or magnitude which should be cognizable on collateral attack. Is the failure to instruct on lesser included offenses in noncapital cases such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with rudimentary demands of fair procedure?... Experience tells us that it is not.

> Our view, that it is not an error of such character and magnitude to be cognizable in federal habeas corpus review, is shared by a majority of the circuits. . . .

*Bagby,* 894 F.2d at 796-97 (citations omitted).

In *Bagby,* the court postulated that it was "conceivable" that certain claims might be cognizable on federal habeas review where "a fundamental miscarriage of justice is found to have resulted from the arbitrary and unsupportable denial of a lesser included offense instruction in clear defiance of state law." *Id.* at 795. The court emphasized, however, such occasions would occur only in the "most unusual circumstances," such as where the failure to give the instruction likely resulted in the conviction of an innocent person, because "it is not the function of a federal habeas court to correct errors in state law." *Id.*; *see also Todd v. Stegal,* 40 Fed.Appx. 25, 28 (6th Cir. Apr. 12, 2002) (not published in Federal Reporter), *cert. denied,* 537 U.S. 981 (2002).[8]

Here, petitioner has not shown that this case involves "most unusual circumstances" where a fundamental miscarriage of justice has resulted from the trial court's failure to *sua sponte* give an instruction on a lesser-included offense. In this case, the Ohio Court of Appeals held that criminal trespass is a lesser-included offense of burglary, but that "any error" in failing to give a lesser-included offense instruction "did not rise to the level of a 'manifest miscarriage of justice,' and this case does not present the sort of exceptional circumstances necessary for a finding of plain error." (Doc. 7, Ex. 17, pp. 4-5). The undersigned similarly concludes that this is not the unusual case contemplated by *Bagby* where the failure to give a lesser-included offense instruction might have amounted to a "fundamental miscarriage of justice." *See Bagby,* 894 F.2d at 795; *see also Scott,* 302 F.3d at 606.

The Sixth Circuit has held that an "instruction on a lesser included offense is

---

[8] *Cf. Johnson v. Rees,* 798 F.2d 1414 (table), No. 85-5824, 1986 WL 17291, at **1 (6th Cir. July 8, 1986) (unpublished) (concluding that the trial court's failure to instruct on a lesser-included offense did not rise to a constitutional level in light of Sixth Circuit case-law holding that "a trial judge's failure to give an unrequested instruction is not an error cognizable in a federal habeas corpus proceeding") (citing *Manning v. Rose,* 507 F.2d 889, 895 (6th Cir. 1974)); *see also Johnson v. Morris,* 848 F.2d 191 (table), No. 87-3965, 1988 WL 50639, at *1 (6th Cir. May 23, 1988) (unpublished); *Pilon v. Bordenkircher,* 593 F.2d 264, 268 (6th Cir.) ("As a general rule, the failure to give an unrequested lesser included offense instruction is not cognizable on habeas corpus."), *judgment vacated on other grounds,* 444 U.S. 1 (1979).

required under the Due Process Clause only when the evidence would warrant a finding of guilty on the lesser included offense, and an acquittal on the greater offense." *Moneymaker v. Chapleau,* 42 F.3d 1389 (table), No. 93-6566, 1994 WL 194179, at *1 (6th Cir. May 16, 1994) (unpublished) (citing *United States v. Levy,* 904 F.2d 1026, 1031 (6th Cir. 1990), *cert. denied,* 498 U.S. 1091 (1991)). Here, as discussed earlier, the evidence was sufficient to support petitioner's conviction for burglary. Because the evidence in this case thus "simply did not warrant an acquittal on the greater offense of burglary, . . . [petitioner] was not denied due process of law by the trial court's failure to instruct the jury on the lesser included offense of criminal trespass." *Id.*; *see also Mann v. Gray,* 622 F.Supp. 1225, 1232 (N.D. Ohio 1985) (holding that because there was sufficient evidence that petitioner had the requisite criminal purpose to establish his guilt for aggravated burglary, the trial court's failure to instruct on the lesser-included offense of criminal trespass did not deny petitioner a fair trial), *appeal dismissed,* 815 F.2d 78 (6th Cir. 1987).[9]

Accordingly, in sum, petitioner is not entitled to habeas relief based on the claim alleged in Ground Three of the petition because (1) he has waived the claim, which was reviewed only for plain error by the state courts; and (2) in any event, the claim is not cognizable in this federal habeas proceeding.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claim alleged in Ground Three of the petition, which this Court has concluded is waived and thus barred from review on procedural grounds, because under the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of

---

[9] *Cf. Fischer v. Morgan,* 83 Fed.Appx. 64, 66-67 (6th Cir. Nov. 25, 2003) (not published in Federal Reporter) (under the standard of review set forth in 28 U.S.C. § 2254(d), the Sixth Circuit upheld the Ohio Court of Appeals' determination that petitioner's counsel was not ineffective in failing to request a lesser-included offense instruction because "the evidence was sufficient to support [petitioner's] conviction for [the greater offense]"); *Kelly v. Trombley,* No. 05-CV-71124, 2006 WL 2883123, at *5 (E.D. Mich. Oct. 6, 2006) (unpublished) (citing *Fischer*).

17

reason" would not find it debatable as to (1) "whether this Court is correct in its procedural ruling," or (2) whether petitioner has stated a viable constitutional claim in this ground for relief.

A certificate of appealability also should not issue with respect to the sufficiency of evidence claims alleged in Grounds One and Two of the petition, which are addressed on the merits herein, because petitioner has not made a substantial showing that such claims state "viable claim[s] of the denial of a constitutional right" or are "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 3/18/08              **/s/Timothy S. Black**

   cbc                      Timothy S. Black
                           United States Magistrate Judge

K:\BRYANCC\2008 habeas orders\07-339denypet.waiv-plainerr.sufficevid-burglary.wpd

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Michael Mason,
    Petitioner,

           v.

Al Lazaroff,
    Respondent.

Case No. 1:07cv339
(Spiegel, S.J.; Black, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).