```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

MICHAEL MASON,                     :
                                   :
        Petitioner,                :    NO. 1:07-CV-00339
                                   :
   v.                              :
                                   :    **OPINION AND ORDER**
AL LAZAROFF, WARDEN OF             :
PICKAWAY CORRECTIONAL              :
INSTITUTION,                       :
                                   :
        Respondent.                :

This matter is before the Court on the Magistrate Judge's March 3, 2008 Report and Recommendation (doc. 10). No Objection has been filed.

In May 2004, a jury in the Hamilton County Court of Common Pleas found Petitioner guilty of one count of burglary, in violation of Ohio Revised Code § 2911.12(A)(2). The court sentenced Petitioner to a term of imprisonment for four years, to be served consecutive to a sentence of seventeen months imposed in Case No. 0402371, for assault to which he had pleaded guilty.

In the instant Petition for a Writ of Habeas Corpus, Petitioner challenges his conviction for burglary on three grounds, 1) that his conviction was based on insufficient evidence in violation of his Fourteenth Amendment rights, 2) that the Court must acquit when all the elements of a crime do not meet the reasonable doubt standard, and 3) that the failure of the trial court to

instruct the jury on the lesser-included offense of criminal trespass deprived Petitioner of the right to a fair trial (doc. 1). After a thorough review of the facts and the law, the Magistrate Judge found that Petitioner's Petition should be denied (doc. 10).

The Magistrate Judge first opined that Petitioner is not entitled to relief based on the claims alleged in grounds one and two, challenging the sufficiency of the evidence (Id.). The Magistrate Judge found there was no dispute that Petitioner had trespassed, there was evidence that he used force or stealth to gain entry, and there was circumstantial evidence that he entered with the purpose to commit a theft offense (Id.). The Magistrate Judge found under the applicable standards in Jackson v. Virginia, 443 U.S. 307, 339 (1979), the Court must view the evidence most favorably to the prosecution, and that a rational trier of fact could have found Petitioner guilty of burglary beyond a reasonable doubt (Id.). Therefore, concluded the Magistrate Judge, the determination of the Ohio Court of Appeals that there was sufficient evidence to support Petitioner's conviction is not unreasonable nor contrary to law (Id.). Accordingly, Petitioner is not entitled to relief on grounds one or two of his Petition (Id.).

As for ground three of the Petition, the Magistrate Judge found Petitioner waived his claim challenging the trial court's failure to give a lesser-included offense instruction, and in any event, such claim is not cognizable in habeas corpus (Id.).

2

Specifically, the Magistrate Judge noted that Petitioner waived this claim by failing to ask the trial court for a jury instruction on criminal trespass (Id.).  The Magistrate Judge further noted that Petitioner had not demonstrated cause or prejudice, or that a fundamental miscarriage of justice will result if his claim is not considered (Id. citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)).  Under these circumstances, the Magistrate Judge found Petitioner's claim is not subject to review on the merits (Id.). Even assuming that it would be, the Magistrate Judge concluded that because the evidence was sufficient to support Petitioner's burglary conviction, Petitioner was not denied due process by the trial court's failure to instruct the jury on the lesser-included offense of criminal trespass (Id. citing Moneymaker v. Chapleau, No. 93-6566, 1994 U.S. App. LEXIS 11311, *4 (6th Cir. May 16, 1994)).

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's Report and Recommendation is well-reasoned and correct.  The Court finds no basis to Petitioner's claims based on the sufficiency of the evidence or the lack of lesser-included offense instructions to the jury.  The Court further notes Petitioner filed no objection to the findings of the Magistrate Judge.

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(C), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate

Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, for the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects (doc. 10), and DENIES WITH PREJUDICE Petitioner's Petition for a Writ of Habeas Corpus (doc. 1). The Court further FINDS that a certificate of appealability should not issue with respect to grounds one and two with respect to the sufficiency of the evidence claims because Petitioner has failed to make a substantial showing of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Nor should a certificate of appealability issue with respect to the claim alleged in ground three of the Petition, which this Court has concluded is waived and thus barred from review on procedural grounds, because under the two-part standard enunciated in Slack, 529 U.S. at 484-85, "jurists of reason" would not find it debatable as to 1) whether the Court is correct in its procedural ruling, or 2) whether Petitioner has stated a viable constitutional claim in this ground for relief.

Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would not be taken in "good faith" and therefore the Court DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a); Kincade v. Sparkman,

4

117 F.3d 949, 952 (6th Cir. 1997).

       SO ORDERED.


Dated: April 29, 2008       /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge